| | |
|---|---|
| ARAPAHO COUNTY DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address:   Arapahoe County District Court<br>                 7325 South Potomac Street, #100<br>                 Centennial, CO 80112<br>                 Telephone: (303) 654-6600 | DATE FILED: October 19, 2020 4:43 PM<br>FILING ID: BA3FC3602D7B6<br>CASE NUMBER: 2020CV32021 |
| **Plaintiff:**   **DENNIS CERECERES**<br><br>  v.<br><br>**Defendants:**   **WALGREEN CO d/b/a WALGREENS 10308 S PPT** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Corey A. Holton, Atty. Reg. No. 47440<br>Julia Barotz, Atty. Reg. No. 52615<br>BACHUS & SCHANKER, LLC<br>101 W. Colfax Ave., Suite 650<br>Denver, Colorado 80202<br>Phone:   303-893-9800<br>Fax:     303-893-9900<br>E-Mail:  corey.holton@coloradolaw.net<br>        julia.barotz@coloradolaw.net | Case Number:<br><br><br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Dennis Cereceres, by and through his undersigned attorneys OF BACHUS AND SCHANKER, LLC, hereby submits a Civil Complaint and Jury Demand against Defendant as follows:

## GENERAL ALLEGATIONS

1.   This case arises out of injuries that Plaintiff sustained on or about June 14, 2019, ("the Incident") when making a delivery to Walgreens Store #10308, which is located at 1300 14th Street Loveland, Colorado.

2.   At all times relevant to this action, Plaintiff was a resident of Larimer County, Colorado.

3.   At all times relevant to this action, upon information and belief, Walgreen CO d/b/a

**Exhibit A**

Walgreens 10308 S PPT (hereinafter "Defendant Walgreens") is an Illinois corporation, with a principal office street address of 161 Washington Street, Suite 1400, Conshohocken, Pennsylvania, 19428.

4. At all times relevant to this action, upon information and belief, Defendant Walgreens was, and is, in good standing with the Colorado Secretary of State, and maintains a registered agent in the State of Colorado, which is The Prentice-Hall Corporation Systems, Inc., and whose address is 1900 West Littleton Boulevard, Littleton, CO 80120.

5. At all times relevant, John Doe is an employee and/or agent of Defendant Walgreens.

6. Venue in this county is proper pursuant to C.R.C.P. 98(c) since one or more Defendants reside and can be served with process within Arapahoe County, Colorado.

**GENERAL ALLEGATIONS**

7. Plaintiff incorporates all previous allegations in this Complaint as though fully set forth.

8. At all times relevant to this action, upon information and belief, Defendant Walgreens operates a retail store located at 1300 14th Street Loveland, Colorado (hereinafter "the Subject Property").

9. This action arises out of injuries Plaintiff sustained on June 14, 2019 when an employee and/or agent of Defendant Walgreens, John Doe, negligently, carelessly, or recklessly operated a loading-dock door at the Subject Property, causing the door to fall on Plaintiff's head, resulting in injuries, damages, and losses to Plaintiff.

10. At all times relevant to this action, upon information and belief, the Subject Property has a loading-dock in the rear of the store used to receive deliveries.

11. At all times relevant to this action, upon information and belief, there is a six-foot by

eight-foot metal, roll-up door that can be opened and closed to permit access to the aforementioned loading-dock at the Subject Property.

12. At all times relevant to this action, upon information and belief, the loading-dock door at the Subject Property is opened and closed using a metal chain that is pulled by hand.

13. At all times relevant to this action, upon information and belief, when the loading-dock door at the Subject Property is in an open position, the chain must be secured to prevent the door from falling down and closing.

14. Upon information and belief, on or about June 14, 2019, Plaintiff was delivering ice cream to the Subject Property.

15. On the aforementioned date, time, and place, upon information and belief, Plaintiff parked his delivery truck at the rear of the Subject Property store and John Doe opened the loading-dock door using the metal chain.

16. On the aforementioned date, time, and place, upon information and belief, John Doe held the metal chain to the loading-dock door by hand while Plaintiff made his delivery.

17. On the aforementioned date and place, upon information and belief, John Doe failed to properly secure the chain to the loading-dock door while Plaintiff made his delivery.

18. On the aforementioned date, time, and place, upon information and belief, as Plaintiff was exiting the Subject Property through the loading-dock, John Doe let go of the chain, causing the metal loading-dock door to fall on Plaintiff's head, thereby causing severe injuries, losses and damages to Plaintiff.

19. At all times relevant to this action, upon information and belief, John Doe was an employee and/or agent of Defendant Walgreens.

20. At all times relevant to this action, upon information and belief, John Doe was acting

3

within the course and scope of his employment and/or agency with Defendant Walgreens, and with the authority of Defendant Walgreens, when the aforementioned injuries to Plaintiff occurred.

21. At all times relevant to this action, upon information and belief, John Doe had a duty to exercise reasonable care when operating the metal loading-dock door at the Subject Property.

22. At all times relevant to this action, upon information and belief, John Doe was authorized to operate the metal loading-dock door at the Subject Property.

23. At all times relevant to this action, upon information and belief, John Doe breached his duty of care when he failed to secure and/or hold the chain to the loading-dock door, causing it to fall on Plaintiff's head.

24. Upon information and belief, John Doe's breach of his aforementioned duty was a direct and proximate cause of the loading-dock door falling on Plaintiff's head, as well as Plaintiff's resulting injuries, losses, and damages.

25. As a direct and proximate result of John Doe's careless, negligent, and/or reckless conduct, Plaintiff has suffered in the past, and will continue to suffer in the future, economic damages, including but not limited to medical bills, lost earnings, a loss of earning capacity; non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life, and physical impairment and disfigurement damages.

26. Defendant Walgreens is vicariously liable for the careless, negligent, and/or reckless conduct of its employee, John Doe, while John Doe was acting in the course and scope of his employment and/or agency with Defendant Walgreens.

27. When the injury occurred to Plaintiff, the injury arose out of John Doe's careless, negligent, and/or reckless conduct when operating the metal loading-dock door.

4

28. The Plaintiff was not comparatively negligent.

## FIRST CLAIM FOR RELIEF
### Statutory Premises Liability Pursuant to C.R.S. § 13-21-115

29. The foregoing statements and allegations are incorporated herein.

30. For purposes of C.R.S. § 13-21-115, upon information and belief, on the date, time, and place set forth above Plaintiff was an invitee and lawful entrant at the Subject Property.

31. For purposes of C.R.S. § 13-21-115, upon information and belief, on the date, time and place set forth above, Defendant Walgreens was the landowner, authorized agent, and/or entity in possession of the aforementioned Subject Property.

32. For purposes of C.R.S. § 13-21-115, upon information and belief, on the date, time, and place set forth above, Defendant Walgreens, as either the landowner, authorized agent, and/or entity in possession of the aforementioned Subject Property, had a duty to use reasonable care to protect persons such as Plaintiff against dangers of which it actually knew or should have known of, and to carry on activities in a reasonably safe manner.

33. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens knew or should have known that dangerous conditions existed at the Subject Property; namely, the existence of an unsecured loading-dock door.

34. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens was legally responsible for the activities conducted at the Subject Property.

35. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens was legally responsible for ensuring that the loading dock door was properly secured in the open position before Plaintiff made his deliveries.

36. On the date, time and place set forth above, upon information and belief, Defendant

5

Walgreens was responsible for ensuring that its agent and/or employee, John Doe, properly secured the loading-dock door in the open position before Plaintiff made his deliveries.

37. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens knew or should have known that the loading-dock door was not properly secured while Plaintiff was making his deliveries.

38. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens knew or should have known that the loading-dock door was not maintained in a safe condition.

39. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens knew or should have known that its employee and/or agent, John Doe, had not properly secured the loading-dock door in the open position before Plaintiff made his deliveries.

40. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens as the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, knew or should have known of the dangerous condition(s) at the Subject Property.

41. On the date, time, and place set forth above, upon information and belief, Plaintiff's actions in walking through the loading-dock door at the Subject Property when it was not maintained in a safe condition were foreseeable, as was the loading-dock door not being secured in the open position, as was Plaintiff's injuries and his injuries, harms, and losses that resultd.

42. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

43. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens failed to use reasonable care to protect Plaintiff against the foregoing dangerous conditions

6

and/or warn Plaintiff of same.

44. On the date, time, and place set forth above, upon information and belief, Defendant Walgreens' failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s) and/or warn Plaintiff of same was a direct and proximate cause of the loading-dock door failing on Plaintiff's head.

45. Defendant Walgreens' failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s) or warn Plaintiff of same was a direct and proximate cause of Plaintiff's resulting injuries, losses, and damages.

46. As a direct and proximate result of Defendant Walgreens' breach of the aforementioned duties, Plaintiff has incurred past, and will incur in the future, economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

47. As a direct and proximate result of Defendant Walgreens' breach of the aforementioned duties, Plaintiff has suffered past, and will incur in the future, non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

48. As a direct and proximate result of Defendant Walgreens' breach of the aforementioned duties, Plaintiff has suffered permanent physical impairment and disfigurement.

49. Plaintiff was not comparatively negligent in causing the aforementioned dangerous condition(s), in causing the loading-dock door to not be secured and/or falling on his head,, or in the resulting injuries, harms, and losses he sustained by the Plaintiff on or about the time, date, and place set forth above.

## **SECOND CLAIM FOR RELIEF**
**Negligence**

50. The foregoing statements and allegations are incorporated herein.

51. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens knew or should have known that the loading-dock door at the Subject Property was not properly secured.

52. On or about the aforementioned date, time, and place, upon information and belief, Plaintiff's actions in walking through the loading-dock door at the Subject Property when it was not maintained in a safe condition were foreseeable, as was Plaintiff's injuries and his injuries, harms, and losses that resulted.

53. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens had a duty to use reasonable care to secure the loading-dock door when it was in the open position at the Subject Property.

54. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

55. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens breached its aforementioned duties by failing to secure the loading-dock door at the Subject Property.

56. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens breached its aforementioned duties by failing to ensure that its employee and/or agent, John Doe, properly secured the loading-dock door at the Subject Property.

57. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens' breaches of its aforementioned duties were a direct and proximate cause of the loading dock-door falling on Plaintiff's head.

58. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens' breaches of its aforementioned duties were a direct and proximate cause of the injuries Plaintiff suffered on the date and place aforementioned.

59. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens' breaches of its aforementioned duties were a direct and proximate cause of Plaintiff incurring injuries, losses, and damages.

60. On or about the aforementioned date, time, and place, upon information and belief, as a direct and proximate result of Walgreens' breaches of its aforementioned duties, Plaintiff has incurred past, and will incur in the future, economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

61. On or about the aforementioned date, time, and place, upon information and belief, as a direct and proximate result of Walgreens' breaches of its aforementioned duties, Plaintiff has suffered past, will incur in the future, non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

62. On or about the aforementioned date, time, and place, upon information and belief, as a direct and proximate result of Walgreens' breaches of its aforementioned duties, Plaintiff has suffered permanent physical impairment and disfigurement.

63. On or about the aforementioned date, time, and place, upon information and belief, Defendant Walgreens is vicariously liable for the careless, negligent, and/or reckless conduct of its agent and/or employee, John Doe.

64. Plaintiff was not comparatively negligent in causing the dangerous conditions, in causing the loading-dock door to fall on him, or in the resulting injuries, damages, and losses he sustained on or about the time, date, and place set forth above.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees; pre and post judgment interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses, including expert witness fees; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues.

**DATED:** October 19, 2020.

BACHUS & SCHANKER, LLC

*/s/ Corey A. Holton*
_____
Corey A. Holton, #47440
Julia Barotz, #52615
*Attorneys for Plaintiff*

Plaintiff's Address
8951 Utah Court
Thornton, CO 80229

10