IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03406-PAB-KMT

DENNIS CERECERES,

    Plaintiff,

v.

WALGREENS CO d/b/a Walgreens 10308 S PPT,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Partial Motion to Dismiss [Docket No. 16]. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I. BACKGROUND**

On June 14, 2019, plaintiff was delivering ice cream to Walgreens Store #10308 operated by defendant in Loveland, Colorado. *See* Docket No. 5 at 2,3, ¶¶ 8, 9, 14. Defendant's employee, John Doe, held the metal chain to the loading-dock door by hand while plaintiff made his delivery. *Id.* at 3, ¶ 16. John Doe failed to properly secure the chain and the door fell on plaintiff's head. *Id.*, ¶¶ 17-18.

On October 19, 2020, plaintiff filed suit in the District Court for Arapahoe County, Colorado. *See* Docket No. 1-2. Defendant removed the case to federal court on November 17, 2020. *Id.* Plaintiff's complaint asserts two claims: (1) violation of the Colorado Premises Liability Act ("PLA"), Colo. Rev. Stat. § 13-21-115 and (2) negligence. *See* Docket No. 5 at 5-10. On November 24, 2020, defendant filed a

partial motion to dismiss, arguing that plaintiff's negligence claim must be dismissed because the PLA is the exclusive remedy against "an alleged landowner." *See generally* Docket No. 16.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibility follow from the facts alleged, not the facts themselves be plausible." *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement needs only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court needs not accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alternations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alternations omitted).

### III. ANALYSIS[1]

Defendant argues that the PLA is the exclusive remedy for a plaintiff harmed on the property of a landowner in Colorado and, as a result, plaintiff may not assert both a claim under the PLA and one for common law negligence.  *See* Docket No. 16 at 3.  While plaintiff agrees that the PLA is the exclusive remedy for those injured on the property of another, he argues that, at this stage in the litigation, he should not be required to choose one claim or the other because there has been no determination that defendant is in fact a landowner under the PLA.  *See* Docket No. 17 at 2.  The Court agrees with plaintiff and finds that, under the circumstances of this case, plaintiff may assert both a claim under the PLA and one for common law negligence before it is determined whether defendant is a "landowner" under the PLA.

---

[1] Because jurisdiction is based on diversity, the Court applies Colorado law in resolving the motion. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("In a case in which jurisdiction is founded on diversity, we apply the law of the forum state.").

3

Before Colorado enacted the PLA in 1990, the State followed a "traditional negligence concept, requiring landowners to meet a standard of reasonable care in view of the . . . foreseeability of injury to others." *Vigil v. Franklin*, 103 P.3d 322, 326 (Colo. 2004) (citation omitted). The General Assembly then enacted the PLA, classifying those injured on the property of another as trespassers, invitees, or licensees. *Id.* Depending on the status of the injured party, the landowner's legal duty and damages recoverable by the injured party change. *Id.* Most importantly, subsection two of the statute states that the statute "supersedes the existing law in the area." *Id.*; *see also* Colo. Rev. Stat. § 13-21-115(2) ("In any civil action brought against a landowner[,] . . . the landowner shall be liable only as provided [by the PLA]."). As the result, defendant is correct that the PLA is the "exclusive remedy" available for parties injured on the property of another. *See Vigil*, 103 P.3d at 329; *Lombard v. Colo. Outdoor. Educ. Ctr., Inc.*, 187 P.3d 565, 574 (Colo. 2008) ("The language of [the PLA] makes clear that a party may no longer bring a negligence per se claim against a landowner to recover for damages caused on the premises."). That, however, does not end the inquiry.

The PLA only applies if the party sought to be held liable is a "landowner" under the statute. Colo. Rev. Stat. § 13-21-115(1); *see generally Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215, 1219 (Colo. 2002). Whether a party is a landowner under PLA is a threshold question that determines whether the PLA or the common law defines a defendant's duty to third parties. *See Vigil*, 103 P.3d at 325; *see also Pierson*, 48 P.3d at 1219 (holding that PLA's purpose is to protect specific class of defendants – "landowners" as defined by the Act – by clarifying and narrowing their liability). That

4

said, defendant provides no support for the proposition that a plaintiff cannot assert a negligence claim prior to the court's determination that the defendant is a landowner, especially when landowner status is unclear at this stage in the litigation.  A defendant's status as a landowner may not be clear-cut from the pleadings and, as a result, forcing a plaintiff to choose between common law negligence and the PLA prior to that determination is both premature and unnecessary.

In *Wycoff v. Grace Community Church of Assemblies of God*, the Colorado Court of Appeals held that the defendant was not prejudiced by the plaintiff's lack of an earlier election between the PLA and negligence claims.  251 P.3d 1260, 1265-66 (Colo. App. 2010).  The defendant argued it was not a "landowner" under the PLA, *id.*, and, in response, the court noted that there was no apparent reason why the defendant was seeking to avoid the landowner status since the PLA protects landowners by reducing the scope of their liability.  *Id.* at 1266.  The court concluded that "it would have been unfair to compel such an election before resolving [the defendant's] contentions that it was not subject to the PLA." *Id.* at 1268.  Other courts have come to similar conclusions.  *See, e.g., Richardson v. DHS Drilling Co.*, No. 13-cv-01583-PAB-KMT, 2015 WL 1378975, at *6 (D. Colo. 2015) (holding that when there is question about the defendant's status as "landowner" under the PLA, "it would be inappropriate to categorically bar [the plaintiff] from asserting common law negligence claim against [the defendant]"); *see also Thornbury v. Allen*, 991 P.2d 335, 340 (Colo. App. 1999) (finding no error in instructing jury on both the PLA and common law negligence when the defendant's status as a landowner was disputed).

Furthermore, allowing plaintiff to maintain an alternative negligence claim until defendant is determined to be the "landowner" is consistent with the purpose of the PLA, which is to "clarify and to narrow private landowners' liability to persons entering their land based upon whether the entrant is trespasser, licensee, or invitee." *Pierson*, 48 P.3d at 1219; *see also* C.R.S. § 13-21-115 (1.5). According to the Colorado Supreme Court, the legislature never intended to extend the protections of the PLA to non-landowners. *Pierson*, 48 P.3d at 1219, 1221 (although the definition of "landowner" is broad, only person or entity who falls under the statutory definition of "landowner" is entitled to "take refuge" in the statute's protections). Permitting both claims to go forward before defendant's landowner status is resolved furthers the PLA's goal of narrowing a potential landowner's liability.

Nevertheless, defendant cites several cases to support its argument that plaintiff cannot assert both claims at the pleading stage. None of the cases are persuasive. In each, it was clear that the defendants either "owned" the land or were "landowners" within the meaning of the PLA. *See Larrieu v. Best Buy Stores, LP*, 303 P.3d 558 (Colo. 2013); *Lombard*, 187 P.3d at 568; *Vigil,* 103 P.3d at 322; *Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612 (Colo. App. 2003).

In *Henderson*, the plaintiff sued the defendant, which was a janitorial service, after he slipped and fell down the stairs. *Henderson*, 70 P.3d at 612. Before applying the PLA's standard of care, the Colorado Court of Appeals determined that defendant was a "landowner" as a matter of law because defendant had a legal responsibility for the condition of the stairs and was potentially liable for injuries resulting from that condition pursuant to its contract. *Id.* at 614. In *Vigil*, the plaintiff was injured when he

6

attempted to dive into an above-ground pool at a handicapped center that was undisputedly owned by the defendant. *Vigil*, 103 P.3d at 324. Similarly, in *Lombard*, it was clear that the defendant owned the lodging unit where plaintiff fell from a ladder. 187 P.3d at 568. In these cases, the courts only reviewed the PLA after determining that defendants were landowners, either because defendants admitted they were landowners or the facts of the case clearly established their status as such. As a result, the courts did not address the question of whether plaintiff could maintain an alternate negligence claim in case where the defendant's "landowner" status was unclear from the pleadings.

Here, the complaint alleges that defendant "was the landowner" of the property where plaintiff was injured. *See* Docket No. 5 at 5, ¶ 31. Defendant, however, denies that claim. *See* Docket No. 15 at 4, ¶ 31 (admitting that it operated the store but denying the remaining allegations). While defendant had the opportunity to admit landowner status and, as a result, dismiss plaintiff's negligence claim, defendant instead denies being a landowner – thereby removing itself from the scope of the PLA – while simultaneously arguing that it should not be subject to a common law negligence claim either. In other words, defendant effectively argues that there is no tort that governs the alleged conduct. At this stage in the litigation, where the pleadings do not definitively establish defendant's landowner status, and defendant denies being a landowner, plaintiff is permitted to maintain alternative claims.[2]

---

[2] Other than plaintiff's allegation that defendant operated the store and is a "landowner" as a general matter, the pleadings do not permit the Court to determine, as a matter of law, that defendant is or is not a landowner. "Operating" the store may or may not be enough to confer landowner status, depending on the situation. See *Jordan v. Panorama Orthopedics & Spine Ctr., PC*, 346 P.3d 1035, 1041 (Colo. 2015) (defining

**IV. CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint [Docket No. 16] is **DENIED**.

DATED September 14, 2021.

                                            BY THE COURT:

                                            PHILIP A. BRIMMER
                                            Chief United States District Judge

---

the scope of landowner status by the duties the tenant had as compared to the landlord). In some situations, not present here, it is possible that a court can determine at the motion to dismiss stage that a particular defendant is a landowner, either because the defendant admits he or she is a landowner – which defendant denies is the case here – or, because, as a matter of law, the PLA does not apply. *See, e.g.*, *Lopez v. Trujillo*, 399 P.3d 750 (Colo. App. 2016) (finding that, where a dog injured another on a sidewalk adjacent to the homeowner's property, "public sidewalks adjacent to a landowner's property are not property pursuant to the PLA").